

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
~~XXXXXXXXXXXX~~

Hon. Robert B. Crither
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. O-5598

Re: Whether or not a County
Commissioner would be entitled
to his expenses, depreciation
and replacement of parts and
accessories to his personal
automobile used in the per-
formance of his duties under
the provisions of S. B. No. 319,
Acts of the 48th Legislature
Regular Session, 1943.

Your letter of September 4, 1943, requesting
the opinion of this department on the questions stated
therein reads in part as follows:

"I have been requested by the Commissioner's
Court of Walker County to seek the opinion of
your department in connection with the following
matter:

"One of the Commissioners has submitted as
an item of his traveling expenses the cost of re-
placing an automobile tire and other repairs to
his personal car which he has used in performing
the duties of his office. The Court would like
to know whether or not a Commissioner would be
entitled to his expenses for depreciation and
replacement of parts and accessories to his
personal automobile used in the performance of
his duties."

Senate Bill No. 319, Acts of the 48th Legislature,
Regular Session, 1943 provides:

"Section 1. And all counties of said State
having a population of less than twenty-five
thousand two hundred (25,200) according to the
last preceding federal census, the Commissioners'
Court of such counties is hereby authorized to
allow each commissioner the sum of not more than
twenty-five ($25.00) dollars per month for travel-
ing expenses while on official business for said
county.

Hon. Robert B. Smither, Page 2

        Walker County has a population of 19,868 inhabitants according to the 1940 federal census. Therefore, it will be noted that the foregoing act is applicable to said county.

        In view of the foregoing Act is is our opinion that the commissioners' court in all counties of this State having a population of less than 25,200 inhabitants according to the last preceding federal census is authorized by said Act to allow each commissioner the sum of not more than twenty-five dollars per month for traveling expenses while on official business for said county. In other words the commissioners' court is authorized to allow each county commissioner any amount as traveling expenses that are necessary and actually expended while on official business for said county, provided said amount does not exceed twenty-five dollars per month.

        It is our further opinion that Senate Bill No. 319, supra, is not broad enough to authorize the expenses incurred by a county commissioner in the replacement of a tire or other accessories and parts to his personal automobile when said automobile is not used exclusively for official business. In determining the amount that each county commissioner is entitled to as traveling expenses while on official business for said county it is within the discretion of the commissioners' court to decide or determine what expenses claimed as traveling expenses while on official business for said county are traveling expenses necessarily and actually incurred by said county commissioner while on official business for said county.

        It is our further opinion that said act is not broad enough to cover depreciation on a county commissioners' personal automobile when used in the performance of his duties. In other words such Act only authorizes the actual and necessary expenses incurred by the commissioner for traveling expenses while on official business.

                                Yours very truly

                                ATTORNEY GENERAL OF TEXAS

                                By  /s/  Ardell Williams
                                             Assistant

APPROVED SEPT. 30, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL               APPROVED OPINION COMMITTEE
                               BY BWB, Chairman